UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN F. CASTRONOVO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:03-CV-248 PS |
| | ) | |
| KENNETH W. LIVELY, DOUG LAVERY | ) | |
| LTD., G.E. CAPITAL CORP., GREIF | ) | |
| BROS. CORP., and POLY-PRO a/k/a | ) | |
| BENTON CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Greif Brothers Corp. and G.E. Capital Corp.'s joint Motion for Summary Judgment. [Doc. 45]. The Plaintiff John Castronovo filed a response opposing the Motion for Summary Judgment. Defendants Kenneth Lively and Doug Lavery, Ltd. filed a joint response opposing the Motion for Summary Judgment only as to Greif Brothers Corp. Because we find that no opposing party raised any argument with respect to G.E. Capital, the Motion for Summary Judgment with respect to G.E. Capital is GRANTED.

**I.     Summary Judgment as to GE**

This matter arises out of a two-vehicle accident that occurred on February 3, 2003 on westbound U.S. Highway 30 ("Route 30"). Defendant Kenneth Lively was driving a semi-truck and trailer. The tractor was owned by Doug Lavery, Ltd. ("Lavery"). The trailer was owned by G.E. Capital Corp. ("G.E.") and leased to Greif Bros. Corp. ("Greif"). Sandra Castronovo, Plaintiff John F. Castronovo's wife, was struck from behind by Lively's truck. Sandra Castronovo subsequently died as the result of her injuries. G.E.'s only connection to this matter

1

is that it owned the trailer that it, in turn, leased to Greif.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby*, 447 U.S. 242, 252 (1986).

In making this decision, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party. *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999). The non-moving party must support its contentions with admissible evidence and may not rest upon mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to its case on which that party will bear the burden of proof at trial.

Neither the Plaintiff nor Lavery set forth any arguments with respect to G.E. in their briefs opposing summary judgment. In their joint response, Lively and Lavery specifically limit their argument to Greif stating that "A genuine issue exists of statutory liability on the part of defendant Greif Brothers Corporation which precludes entry of Summary Judgment in favor of Greif Brothers." (Lively Resp. at 1). Although Castronovo's response does not contain such an

2

obvious limitation, none of the arguments in his briefing address his theory of G.E.'s liability. Without some explanation of Catronovo's claim against G.E., we cannot evaluate its merits and must conclude that he abandoned it.  *See Culver v. Gorman & Co.*, 416 F.3d 540, 550 (7th Cir. 2005) (holding that a plaintiff has waived an "unsupported and undeveloped" claim on summary judgment).  Accordingly, we **GRANT** the motion for summary judgment as to claims against G.E. only.

## II.     Remaining Motion Vacated

Pursuant to the conversation between the parties and the Court at a status conference conducted on September 1, 2005, Greif's portion of the motion for summary judgment [Doc. 45] is hereby **VACATED.**  Grief may reinstate its motion for summary judgment by filing a brief motion to reinstate which shall readily be granted.  Greif need not refile the motion in its entirety.  The Court will consider the responses previously filed by those parties opposing summary judgment to be reinstated upon reinstatement of the Greif's motion.

**SO ORDERED.**

ENTERED: September 2, 2005

 s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT